UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVAN RAD,<br><br>            Petitioner,<br><br>  v.<br><br>PAMELA BONDI, *et al.*,<br><br>            Respondents. | CASE NO. 2:25-cv-02016-RAJ-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 9, 2025 |

      Petitioner Ivan Rad initiated this 28 U.S.C. § 2241 immigration habeas action on October 16, 2025, to obtain his release from immigration detention. Dkt. 1. Petitioner is proceeding with counsel. *See* Dkt. 8. The Government has subsequently filed a Notice of Change in Custody Status informing the Court of Petitioner's November 17, 2025, removal from the United States along with a corresponding Response to the habeas Petition. Dkt. 10. In the Response, the Government contends the Petition is now moot because Petitioner is no longer in custody due to his removal. *Id*. at 1–2. Upon review, the Court agrees. Because this action no longer involves a live controversy for adjudication, the undersigned recommends the habeas Petition (Dkt. 1) be **DISMISSED without prejudice**.

      Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a

REPORT AND RECOMMENDATION - 1

habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, because Petitioner sought only his release from detention, there is no longer a claim before the Court for consideration. *See* Dkt. 1. Accordingly, there is no collateral consequence remaining to be redressed by the Court and the Petition should be dismissed as moot. *See id.*

Accordingly, the undersigned recommends that, based on the Government's Response to the Petition (Dkt. 10), this action be **DISMISSED without prejudice**. No certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 9, 2025, as noted in the caption.

Dated this 24th day of November, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2